

# NUMBER 13-09-00273-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

IRA DONNELL DILWORTH,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## On appeal from the 24th District Court of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Garza

Appellant, Ira Donnell Dilworth, was charged by indictment with bail jumping and failing to appear, a third-degree felony.[1]  *See* TEX. PENAL CODE ANN. § 38.10(a), (f) (Vernon 2003).  The underlying offense pertained to Dilworth's failure to appear at a hearing

---

[1] The indictment contained three enhancement paragraphs referencing Dilworth's previous convictions for:  (1) aggravated perjury, a third-degree felony, committed on September 9, 1991, *see* TEX. PENAL CODE ANN. §§ 37.02(a)(1), 37.03 (Vernon 2003); (2) robbery, a second-degree felony, committed on September 9, 1991, *see id.* § 29.02 (Vernon 2003); and (3) manufacture and delivery of more than four but less than 200 grams of cocaine, a first-degree felony, committed on September 24, 2002.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (Vernon Supp. 2009).  Thus, Dilworth was subject to the punishment range for habitual felony offenders.  *See* TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2009) (providing that if the defendant has been convicted of two felony offenses, other than state-jail felonies, and the second offense occurred after the first became final, defendant "shall be punished . . . for any term not more than 99 years or less than 25 years").

scheduled for November 10, 2008, regarding a separate criminal offense allegedly committed by Dilworth—unlawful possession of less than one gram of cocaine in a drug-free zone, a third-degree felony.[2] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(b), 481.134(d)(1) (Vernon Supp. 2009). On the day of the hearing, the trial court called Dilworth's case in the courtroom, and Deputy Armando Daniel Jr. called Dilworth's case three times at the courthouse steps. Dilworth, however, failed to appear for the hearing. Dilworth was arrested by police shortly thereafter in an unrelated incident.[3]

Trial on the underlying offense commenced on April 20, 2009, and after hearing the evidence, the jury convicted Dilworth of bail jumping and failing to appear at the November 10, 2008 hearing. During the punishment phase of the trial, Dilworth pleaded "true" to the enhancement paragraphs contained in the indictment, and the jury subsequently sentenced him to thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice with no fine. The trial court certified Dilworth's right to appeal, and he now brings this appeal. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Dilworth's court-appointed appellate counsel has filed a brief with this Court, stating that his review of the record yielded no grounds or error upon which an appeal can be predicated. Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim.

---

[2] At the time of the November 10, 2008 hearing, Dilworth was out on bail. Furthermore, Dilworth testified at trial that he recalled the trial judge instructing him at a separate hearing that his attendance at the November 10, 2008 hearing was required.

[3] In fact, when he was arrested, Dilworth provided false information to police as to his name and date of birth, which Victoria Police Department Officer Michael Smith identified as a criminal offense—failure to identify, a class B misdemeanor. *See id.* § 38.02(b), (d) (Vernon Supp. 2009).

2

App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Dilworth's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on Dilworth, and (3) informed Dilworth of his right to review the record and to file a pro se response.[4] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Dilworth has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule

---

[4] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Dilworth's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Dilworth and to advise him of his right to file a petition for discretionary review.[5] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


                                               _____

DORI CONTRERAS GARZA
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 19th day of November, 2009.

---

[5] No substitute counsel will be appointed. Should Dilworth wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.